**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-1620**

———————

RAPHAEL TENE,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

———————

On Petition for Review of an Order of the Board of Immigration
Appeals. (A97-622-062)

———————

Submitted: May 30, 2007                    Decided: July 6, 2007

———————

Before NIEMEYER, GREGORY, and DUNCAN, Circuit Judges.

———————

Petition granted by unpublished per curiam opinion.

———————

Ana T. Jacobs, ANA T. JACOBS & ASSOCIATES, P.C., Washington, D.C.,
for Petitioner.  Peter D. Keisler, Assistant Attorney General,
Carol Federighi, Senior Litigation Counsel, Robert L. Gulley,
UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for
Respondent.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Raphael Tene, a native and citizen of Cameroon, petitions for review of the Board of Immigration Appeals' ("Board") order affirming the immigration judge's decision denying Tene's application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").

Tene's claims for relief are predicated on his assertion that Cameroonian government officials persecuted him on account of his involvement with political groups that oppose the ruling party in Cameroon. In an affidavit submitted in support of his asylum application, Tene averred that he had been arrested, detained, and tortured in 1992, 1993, and 2002 because of his political opinion. Tene presented both corroborating documentation and witness testimony to establish that he had in fact been arrested, beaten, and persecuted as he claimed.

The immigration judge ("IJ") denied Tene's claims for relief. In doing so, the IJ explained that, to the extent that Tene's prior arrests "constituted past persecution on account of the respondent's political opinion, at this time [respondent] clearly has no well-founded fear of persecution based on those events and that is because in June 2002 the respondent was issued a Cameroonian passport by the government." The IJ concluded that Tene's "fear based on events in 1992 and 1993 cannot be said to be objectively reasonable, nor is [that] fear . . . subjectively

genuine." Although the IJ found Tene had produced "some credible corroboration" regarding his prior arrests, the IJ nonetheless declined to grant asylum in the exercise of her discretion.

On appeal to the Board, Tene argued, among other issues, that the IJ erred in failing to consider whether Tene established past persecution such that he would be entitled to a rebuttable presumption of a well-founded fear of future persecution. Tene maintained that his prior arrests and detentions constituted past persecution on account of his political opinion, and that the Government had not shown a fundamental change in circumstances or that relocation within Cameroon was possible so to overcome the presumption.

In denying Tene's appeal, the Board found that Tene "failed to prove that his arrests in 1992 and 1993 constituted a basis for relief." Although Tene had testified regarding the 1992 and 1993 arrests and "provided corroborative evidence" to establish the arrests, the Board nonetheless concluded that, because the Cameroonian government issued Tene a passport after these arrests, Tene was not a "refugee" within the meaning of the Immigration and Nationality Act, "because he left his country and was able to and willing to return." The Board further noted that, even assuming Tene had established past persecution, he was not entitled to relief because he did not demonstrate "a well-founded fear of

future persecution because he left Cameroon without any problems and returned without fear or problems."

Although Tene raises several issues in his petition for review, Tene's argument regarding his past persecution claim is dispositive.[1]  Tene argues that his application and corroborating evidence demonstrated that he suffered past persecution, thus entitling him to a rebuttable presumption of a well-founded fear of future persecution.  Because the Government did not rebut this presumption, Tene contends, the IJ and the Board erred in denying him relief.  For the reasons outlined below, we remand this case to the Board for further examination of this issue.

The Immigration and Nationality Act ("INA") authorizes the Attorney General to confer asylum on any refugee.  8 U.S.C. § 1158(a) (2000).  A "refugee" is defined as a person unwilling or unable to return to his native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion."  8 U.S.C. § 1101(a)(42)(A) (2000).  "Persecution involves the infliction or threat of death, torture, or injury to one's person or freedom, on account of one of the enumerated grounds."  Li v. Gonzales, 405 F.3d 171, 177 (4th Cir. 2005) (internal quotation marks and citations omitted).

---

[1]Tene also challenges the IJ's conclusion that he does not have a well-founded fear of future persecution.  We express no opinion on the merit of this issue at this juncture.

- 4 -

"Applicants bear the burden of proving eligibility for asylum." Naizqi v. Gonzales, 455 F.3d 484, 486 (4th Cir. 2006); see 8 C.F.R. § 1208.13(a) (2006). An applicant can establish refugee status based on past persecution in his native country on account of a protected ground. 8 C.F.R. § 1208.13(b)(1) (2006). "[A]n applicant who demonstrates that [he] was the victim of past persecution on the basis of a protected ground is presumed to have a well-founded fear of future persecution." Essohou v. Gonzales, 471 F.3d 518, 520 (4th Cir. 2006) (citing 8 C.F.R. § 1208.13(b)(1)). This presumption can be rebutted on a finding of a fundamental change of circumstances so that the alien no longer has a well-founded fear, or a finding that the alien could avoid persecution by relocating within the country of removal. Id.; 8 C.F.R. § 1208.13(b)(1)(i)(A), (B) (2006). "The Service bears the burden of proof for rebutting the presumption." Naizqi, 455 F.3d at 486.

The central issue in this case is whether Tene met his burden of proof to establish past persecution, thus entitling him to a presumption — albeit a rebuttable presumption — of a well-founded fear of future persecution. The IJ did not squarely address this issue in her oral decision, instead simply noting that, "to the extent that . . . the arrests and detentions of 1992 and 1993 constituted past persecution on account of the respondent's political opinion, at this time [Tene] clearly has no

well-founded fear of persecution . . . because respondent was issued a Cameroonian passport." The Board did not clarify the IJ's ruling; instead, the Board adopted the IJ's line of reasoning, agreeing that, even assuming Tene suffered past persecution, "he did not have a well-founded fear of future persecution because he left Cameroon without any problems and returned without fear or problems."

This case presents facts similar to those we considered in Naizgi. There, the IJ specifically found that Naizgi had established past persecution; however, because the IJ granted Naizgi asylum on discretionary grounds, the IJ did not consider whether the Government had presented sufficient evidence to overcome the presumption of a well-founded fear of future persecution that arose because of that finding. Naizgi, 455 F.3d at 486-87. On appeal, the Board reversed the IJ's grant of discretionary asylum. Though it did not reverse the IJ's finding that Naizgi suffered past persecution, the Board nonetheless rejected Naizgi's asylum claim, concluding that Naizgi did not have a well-founded fear of future persecution. Id. at 487. The Board did not consider whether changed circumstances rebutted the presumption of a well-founded fear of future persecution. Id. at 487-88. Although we affirmed the Board's reversal of discretionary asylum, we concluded that neither the IJ nor the Board adequately addressed whether the presumption that arose upon Naizgi's

establishment of past persecution had been rebutted.  <u>Id.</u> at 488-89.  Accordingly, we vacated the Board's removal order and remanded for further proceedings.

Naizqi dictates the disposition of the instant petition. Here, unlike in <u>Naizqi</u>, the IJ did not make an express determination that the 1992 and 1993 arrests constituted past persecution; however, she did state that, "even if" the 1992 and 1993 arrests constituted past persecution, Tene did not have a well-founded fear of future persecution.  Thus, it appears the IJ assumed, at least for the sake of argument, that the 1992 and 1993 arrests constituted past persecution.  In light of this assumption, the IJ erred as a matter of law in failing to afford Tene the benefit of the rebuttable presumption of a well-founded fear of future persecution that arises upon such a determination.  <u>Essohou</u>, 471 F.3d at 520.  This presumption can only be rebutted if the Government proves, by preponderance of the evidence, that there has been a fundamental change in circumstances or that relocation within the designated country is possible.  <u>Id.</u>; 8 C.F.R. § 1208.13(b)(1)(i)(A), (B). Although the IJ's discussion of Tene's receipt of a Cameroonian passport and Tene's use of the passport to travel safely to and from the Ivory Coast at least marginally relates to the "change in circumstances," because no express finding of changed circumstances was made, the IJ's opinion is

insufficient.  Naizgi, 455 F.3d at 488-89.  In affirming the IJ's decision based on this reasoning, the Board similarly erred.

Neither the Board nor the IJ fully considered whether Tene carried his burden of proof to establish past persecution and, if so, whether the Government rebutted the presumption that arose as a result.  Accordingly, we remand this case to the Board for further consideration of these issues.  See INS v. Ventura, 537 U.S. 12, 16 (2002); see also Gonzales v. Thomas, 547 U.S. 183, 126 S. Ct. 1613, 1615 (2006) (per curiam); cf. Hussain v. Gonzales, 477 F.3d 153, 157-58 (4th Cir. 2007) (holding that "rare circumstances" exception to Ventura's agency remand rule applies when the issue to be addressed is legal rather than factual, and the denial of relief is a foregone conclusion, such that remand to the agency would be "a mere formality").  Because the issues relevant to the gaps in the IJ's and the Board's fact-finding regarding the significance of Tene's prior arrests are equally dispositive of Tene's withholding of removal claim, we remand this claim for further consideration as well.[2]

As a final matter, we turn to Tene's claim that the IJ improperly admitted documentary evidence from his asylum hearing, namely the asylum officer's notes from his asylum interview, assessment to refer, and record of oaths.  We address this issue

---

[2]Because he did not challenge the Board's denial of CAT relief, Tene has waived review of that issue.  See Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999).

because, if the IJ did err in admitting these documents, they would have to be excluded from the body of evidence evaluated by the Board on remand.

Whether evidence is admissible at an administrative hearing on a petition for removal is governed by due process considerations, not the Federal Rules of Evidence. Hassan v. Gonzales, 403 F.3d 429, 435 (6th Cir. 2005). Admissibility of evidence is governed by "whether the evidence is probative and whether its use is fundamentally fair." Ezeagwuna v. Ashcroft, 325 F.3d 396, 405 (3d Cir. 2003) (internal quotations and citations omitted). Fairness is determined by whether the evidence is trustworthy and reliable. Id.

We have reviewed the documents and conclude that the IJ correctly determined they bore sufficient indicia of reliability to support admission. Most significantly, the asylum officer's notes on Tene's hearing testimony are entirely consistent with Tene's version of events as set forth in his first asylum application. Because these documents were properly admitted, the Board may consider them when evaluating the body of evidence relevant to the issues on remand.

For the foregoing reasons, we grant the petition for review and remand for an agency determination on Tene's asylum and withholding of removal claims with regard to the past persecution

issue.[3]  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION GRANTED</u>

---

[3]By this disposition, we indicate no view of the merits of the issues to be considered on remand.