[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 22, 2008
THOMAS K. KAHN
CLERK

No. 07-14248

D. C. Docket No. A73-767-298

HUA HUI CHEN,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

Petition for Review of a Decision of the
Board of Immigration Appeals

**(September 22, 2008)**

Before DUBINA, HULL and FAY, Circuit Judges.

PER CURIAM:

Petitioner Hua Hui Chen ("Chen") petitions this court for review of an order of the Board of Immigration Appeals ("BIA") denying her motion to reopen removal proceedings and to file a successive asylum application.

"We review the denial of a motion to reopen removal proceedings for abuse of discretion." *Li v. U.S. Att'y Gen.*, 488 F.3d 1371, 1374 (11th Cir. 2007); *Ali v. U.S. Att'y Gen.*, 443 F.3d 804, 808 (11th Cir. 2006). We review legal determinations *de novo*. *Li*, 488 F.3d at 1374.

After reviewing the record, reading the parties' briefs, and having the benefit of oral argument, we deny the petition for review because, even if Chen were permitted to reopen or to file a successive application independent of a motion to reopen, Chen's claims fail on the merits. Based on Chen's testimony and the evidence presented, we conclude that Chen has not shown a well-founded fear of future persecution. Although generally this court should remand asylum eligibility issues to the BIA, *see INS v. Orlando Ventura*, 537 U.S. 12, 16-17, 123 S. Ct. 353, 355-56 (2002), remand is unnecessary where "the result of a remand to the [BIA] is a foregone conclusion such that remand would amount to nothing more than a mere formality." *Hussain v. Gonzales*, 477 F.3d 153, 158 (4th Cir. 2007), *quoted in Calle v. U.S. Att'y Gen.*, 504 F.3d 1324, 1330-31 (11th Cir. 2007) (determining that no remand was required to address on the merits petitioner's

2

motion for reconsideration and stating that the petitioner's "arguments offered nothing more than reiteration of her assertions in her [original] motion" that the BIA had already rejected).

Here, the BIA's opinion confirms that it did not believe the evidence established a well-founded fear of future persecution. Chen's successive asylum claim arises from her violation of China's one-child family planning policy, and the BIA expressly stated that Chen "has not demonstrated that she will be sterilized or otherwise subjected to coercive population control measures due to the birth of three foreign-born children." Thus, we conclude that this case falls within the rare circumstances making remand unnecessary because even if the BIA were to reopen or to consider the successive application, Chen would not be entitled to relief.

**PETITION FOR REVIEW DENIED.**

3