**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-2247**

EVERETTA ABERDEEN, a/k/a Victoria Taylor, a/k/a Everetta Jenkins,

        Petitioner,

        v.

ERIC H. HOLDER, JR., Attorney General,

        Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: August 16, 2010       Decided: August 24, 2010

Before KING, DUNCAN, and AGEE, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Liam Ge, LIAMSLAW, Columbia, Maryland, for Petitioner. Tony West, Assistant Attorney General, John S. Hogan, Senior Litigation Counsel, Michael C. Heyse, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Everetta Aberdeen, a native and citizen of Sierra Leone, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing her appeal from the immigration judge's denial of her request for adjustment of status. Finding no reversible error, we deny the petition for review.

In her brief before this court, Aberdeen argues that the Board erred in placing the burden of proof on her to establish that her marriage to an American citizen was bona fide. We review legal issues de novo, "affording appropriate deference to the BIA's interpretation of the INA and any attendant regulations." Li Fang Lin v. Mukasey, 517 F.3d 685, 691-92 (4th Cir. 2008).

It is clear that the Department of Homeland Security ("DHS") initially had the burden of proving that Aberdeen was removable by clear and convincing evidence. See 8 U.S.C. § 1229a(c)(3)(A) (2006). The DHS easily met this burden, however, through Aberdeen's admissions before the immigration judge. As noted by the Board, Aberdeen conceded that she was removable under 8 U.S.C. § 1227(a)(1)(D)(i) (2006), as an alien whose status was terminated after admission or adjustment of status as a conditional permanent resident. The burden then

2

shifted to Aberdeen to demonstrate her eligibility for relief from removal. See 8 C.F.R. § 1240.8 (2010).

In order to establish a prima facie case for adjustment of status, the relief that Aberdeen sought in this case, an applicant must demonstrate that she is admissible to the United States. 8 U.S.C. § 1255(a) (2006); Hussain v. Gonzales, 477 F.3d 153, 157 (4th Cir. 2007). Pursuant to 8 U.S.C. § 1182(a)(6)(C)(i) (2006), "[a]ny alien who, by fraud or willfully misrepresenting a material fact, seeks to procure (or has sought to procure or has procured) a visa, other documentation, or admission into the United States or other benefit provided under this chapter is inadmissible." Accordingly, the Board properly concluded that, in order to establish eligibility for adjustment of status, Aberdeen carried the burden of proving that her marriage was bona fide and that she was not inadmissible under § 1182(a)(6)(C)(i). See Hashmi v. Mukasey, 533 F.3d 700, 702-04 (8th Cir. 2008); Kirong v. Mukasey, 529 F.3d 800, 803-04 (8th Cir. 2008).[*]

---

[*] Although Aberdeen denied that she was removable as an alien who had engaged in marriage fraud, the denial of this charge of removability did not relieve Aberdeen of her obligation to separately establish her eligibility for adjustment of status. Again, in order to demonstrate such eligibility, Aberdeen bore the burden of establishing that she was not inadmissible as an alien who had engaged in marriage fraud.

3

Additionally, based on a thorough review of the record, we find no error in the Board's conclusion that Aberdeen failed to credibly establish the bona fides of her marriage and was therefore ineligible for adjustment of status. We therefore deny the petition for review for the reasons stated by the Board. <u>In re: Aberdeen</u> (B.I.A. Sept. 29, 2009). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>

4