**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-1328**

ROMODAN BEKIT ESMAEL,

       Petitioner,

    v.

ERIC H. HOLDER, JR., Attorney General,

       Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  October 9, 2012      Decided:  October 16, 2012

Before WILKINSON, MOTZ, and THACKER, Circuit Judges.

Petition denied by unpublished per curiam opinion.

David Garfield, GARFIELD LAW GROUP, LLP, Washington, D.C., for Petitioner.   Stuart  F.  Delery,  Acting  Assistant  Attorney General, Shelley R. Goad, Assistant Director, Kristin A. Moresi, Office  of  Immigration  Litigation,  UNITED  STATES  DEPARTMENT  OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Romodan Bekit Esmael, a native and citizen of Eritrea, petitions for review of the Board of Immigration Appeals' ("Board's") order dismissing his appeal of the immigration judge's ("IJ's") order denying Esmael's affirmative application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have thoroughly examined the record and deny the petition for review.

When assessing an alien's petition for review, we must uphold the Board's determination that an alien is not eligible for asylum or withholding of removal unless the Board's determination is "'manifestly contrary to [the] law and an abuse of discretion.'" Mirisawo v. Holder, 599 F.3d 391, 396 (4th Cir. 2010) (quoting 8 U.S.C. § 1252(b)(4)(D) (2006)). Legal questions determined by the Board are reviewed de novo, see Li Fang Lin v. Mukasey, 517 F.3d 685, 691-92 (4th Cir. 2008), while the Board's factual findings "are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B) (2006); Crespin-Valladares v. Holder, 632 F.3d 117, 124 (4th Cir. 2011). In other words, the Board's determination regarding eligibility for asylum or withholding of removal will be affirmed if it is supported by substantial evidence on the record considered as a whole. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992).

2

The Immigration and Nationality Act ("INA") authorizes the Attorney General to confer asylum on any refugee. 8 U.S.C.A. § 1158(a) (West 2005 & Supp. 2012). It defines a refugee as a person unwilling or unable to return to his native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2006). An applicant for asylum "bear[s] the burden of proving eligibility for asylum" based on refugee status. Naizgi v. Gonzales, 455 F.3d 484, 486 (4th Cir. 2006); see 8 C.F.R. § 1208.13(a) (2011).

We have reviewed the record and the Board's opinion, and we conclude that the Board's determination is without legal error and is supported by substantial evidence. While we appreciate the apparent sincerity of Esmael's fears of future persecution, we are constrained to conclude that the record would not compel every reasonable adjudicator to find Esmael's apprehensions well-founded. See Crespin-Valladares, 632 F.3d at 124. Because it is not our task to weigh the evidence anew or to substitute our judgment for that of the Board, we must defer to the Board's dismissal of Esmael's application for asylum and withholding of removal. Ngarurih v. Ashcroft, 371 F.3d 182, 190 (4th Cir. 2004); Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004). We likewise conclude that the Board did not reversibly

3

err in denying Esmael protection under the CAT.  See Lin-Jian v. Gonzales, 489 F.3d 182, 193 (4th Cir. 2007).  Finally, we note that the Board did not abuse its discretion in denying Esmael's motion to remand, given Esmael's failure to demonstrate that he could not have submitted the proferred evidence prior to the hearing before the IJ.  See Hussain v. Gonzales, 477 F.3d 153, 155 (4th Cir. 2007) (noting standard of review).

Accordingly, we deny the petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED