**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 14-1308**

─────────────

IMRAN ARIF GAYA; ZAHIDA IMRAN; MARYAM GAYA,

              Petitioners,

        v.

ERIC H. HOLDER, JR., Attorney General,

              Respondent.

─────────────

On Petition for Review of an Order of the Board of Immigration Appeals.

─────────────

Submitted:  November 5, 2014          Decided:  January 6, 2015

─────────────

Before DUNCAN and DIAZ, Circuit Judges, and DAVIS, Senior Circuit Judge.

─────────────

Petition denied by unpublished per curiam opinion.

─────────────

Karen H. Pennington, LAW OFFICE OF KAREN H. PENNINGTON, Dallas, Texas, for Petitioners.  Joyce R. Branda, Acting Assistant Attorney General, Stephen J. Flynn, Assistant Director, Lynda A. Do, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Imran Arif Gaya, and his wife and daughter, petition for review of an order of the Board of Immigration Appeals ("Board") dismissing their appeal from the immigration judge's ("IJ") decision denying their requests for asylum, withholding of deportation, and withholding under the Convention Against Torture ("CAT").[1] Gaya and his family are natives and citizens of Pakistan. The Board found that the IJ's adverse credibility finding was not clearly erroneous. The Board also agreed with the IJ that Gaya did not establish past persecution or a well-founded fear of persecution, independent of his past persecution claim. We note that Gaya's brief does not contain arguments and contentions challenging the Board's conclusion that he is not entitled to the presumption that he has a well-founded fear of persecution, with citations to authorities and the record. Thus, the claim is abandoned.[2] See Suarez-Valenzuela v. Holder, 714 F.3d 241, 248-49 (4th Cir. 2013); Fed. R. App. P. 28(a)(9). We have thoroughly reviewed the record, including the testimony offered by Gaya and his expert witness, and conclude that

_____

[1] Gaya's wife and daughter participate in this petition as derivative beneficiaries to Gaya's claims for relief.

[2] We also note that Gaya does not challenge the denial of protection under the CAT. Accordingly, that claim is also abandoned.

2

substantial evidence supports the Board's finding that Gaya did not establish that he has a well-founded fear of persecution independent of his claim that he suffered past persecution. See INS v. Elias Zacarias, 502 U.S. 478, 481 (1992). Thus, the record does not compel a finding that Gaya is eligible for asylum. See 8 U.S.C. § 1252(b)(4)(B) (2012). Because substantial evidence supports the finding that Gaya is not eligible for asylum, he is also not eligible for withholding of removal. Camara v. Holder, 378 F.3d 361, 367 (4th Cir. 2004). We also conclude that the Board did not abuse its discretion in denying Gaya's motion to remand. See Hussain v. Gonzales, 477 F.3d 153, 155 (4th Cir. 2007).

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DENIED