**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-1692**

MING JIAN HUANG,

        Petitioner,

    v.

LORETTA E. LYNCH, Attorney General,

        Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: January 27, 2016      Decided: February 9, 2016

Before AGEE, DIAZ, and FLOYD, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Alexa Torres, LAW OFFICE OF RICHARD TARZIA, Belle Mead, New Jersey, for Petitioner. Benjamin C. Mizer, Principal Deputy Assistant Attorney General, Jesse M. Bless, Senior Litigation Counsel, Lance L. Jolley, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ming Jian Huang, a native and citizen of the People's Republic of China, petitions for review of an order of the Board of Immigration Appeals (Board) denying his motion to remand and dismissing his appeal from the immigration judge's (IJ) decision denying his application for cancellation of removal filed pursuant to 8 U.S.C. § 1229b(b)(1) (2012). We deny the petition for review.

The Attorney General may cancel the removal of a nonpermanent resident alien if the alien (1) has been physically present in the United States continuously for at least 10 years; (2) was of good moral character during that time period; (3) has not been convicted of certain enumerated offenses; and (4) establishes that removal would result in an "exceptional and extremely unusual hardship" to a qualifying relative. 8 U.S.C. § 1229b(b)(1). Huang bears the burden of establishing his eligibility for relief from removal. 8 C.F.R. § 1240.8(d) (2015); Quitanilla v. Holder, 758 F.3d 570, 579 (4th Cir. 2014).

Factual findings, including an adverse credibility finding, are reviewed for substantial evidence, "reversing only if the evidence compels a contrary finding," and questions of law are reviewed de novo. Pastora v. Holder, 737 F.3d 902, 905 (4th Cir. 2013) (citing 8 U.S.C. § 1252(b)(4)(B) (2012)); see also Ilunga v. Holder, 777 F.3d 199, 206 (4th Cir. 2015). An adverse

2

credibility finding should be based on factors such as the plausibility of the applicant's account, the consistency between the applicant's written and oral statements, the internal consistency of each such statement, the consistency of such statements with other evidence of record, or any other relevant factor.  8 U.S.C. § 1158(b)(1)(B)(iii) (2012); Hui Pan v. Holder, 737 F.3d 921, 928 (4th Cir. 2013).

Upon our review of the record, we conclude that substantial evidence supports the finding that because Huang was not credible, he failed to establish the required 10-year period of continuous presence.  Accordingly, he is ineligible for cancellation of removal.

The Board's denial of a motion to remand is reviewed for abuse of discretion.  Hussain v. Gonzales, 477 F.3d 153, 155 (4th Cir. 2007).  We conclude that substantial evidence supports the finding that the new evidence was cumulative of evidence in the record and Huang did not show why his new evidence was previously unavailable.

Accordingly, we deny the petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DENIED

3