**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-2209

PEDRO ARTURO SALMERON-SALMERON,

Petitioner,

v.

JEFFERSON B. SESSIONS III, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: June 28, 2017                                        Decided: August 4, 2017

Before NIEMEYER, TRAXLER, and DUNCAN, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Bradley B. Banias, BARNWELL, WHALEY, PATTERSON, AND HELMS, Charleston, South Carolina, for Petitioner. Chad A. Readler, Acting Assistant Attorney General, Anthony C. Payne, Assistant Director, Jennifer A. Bowen, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pedro Arturo Salmeron-Salmeron, a native and citizen of El Salvador, petitions for review of an order of the Board of Immigration Appeals (Board) dismissing his appeal from the immigration judge's decision denying his motion to reopen. We have reviewed the administrative record and the Board's order and find no abuse of discretion. *See* 8 C.F.R. § 1003.23(b) (2017). We therefore deny the petition for review substantially* for the reasons stated by the Board. *See In re Salmeron-Salmeron* (B.I.A. Oct. 14, 2016). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*PETITION DENIED*

---

* We note that Salmeron-Salmeron failed to establish that he was prejudiced by former counsel's alleged ineffective assistance as required by *In re Lozada,* 19 I. & N. Dec. 637, 640 (B.I.A. 1988). *See Zelaya v. Holder,* 668 F.3d 159, 166 (4th Cir. 2012) (noting that resisting gang recruitment is "an amorphous characteristic providing neither an adequate benchmark for determining group membership nor embodying a concrete trait that would readily identify a person as possessing such a characteristic"); *In re S-E-G-,* 24 I. & N. Dec. 579 (B.I.A. 2008) (holding that harm or threats inflicted for refusal to join a gang, without more, does not constitute persecution on account of a protected ground). Accordingly, even if Salmeron-Salmeron could establish that he informed former counsel prior to the entry of his pre-conclusion voluntary departure order that he feared harm in El Salvador, a remand under *INS v. Ventura,* 537 U.S. 12, 16 (2002), would not be warranted "[b]ecause the result of a remand to the Board is a foregone conclusion such that remand would amount to nothing more than a mere formality." *Hussain v. Gonzales,* 477 F.3d 153, 158 (4th Cir. 2007).