**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-2081**

MARVIN JOSUE CACERES-SANCHEZ, a/k/a Marvin Caceres,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  April 30, 2019                     Decided:  May 6, 2019

Before NIEMEYER and HARRIS, Circuit Judges, and SHEDD, Senior Circuit Judge.

Petition dismissed in part and denied in part by unpublished per curiam opinion.

Miriam Airington-Fisher, AIRINGTON, OVERHOLSER & ROCKECHARLIE PLLC, Richmond, Virginia, for Petitioner.  Joseph H. Hunt, Assistant Attorney General, Paul Fiorino, Senior Litigation Counsel, Karen L. Melnik, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Marvin Josue Caceres-Sanchez, a native and citizen of Honduras, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's decision denying his applications for asylum and withholding of removal.[*] For the reasons set forth below, we dismiss in part and deny in part the petition for review.

Caceres-Sanchez first challenges the agency's determination that his asylum application is time-barred and that no exceptions applied to excuse the untimeliness. *See* 8 U.S.C. § 1158(a)(2)(B) (2012); 8 C.F.R. § 1208.4(a)(2) (2018). We lack jurisdiction to review this determination pursuant to 8 U.S.C. § 1158(a)(3) (2012), and find that Caceres-Sanchez has not raised any claims that would fall under the exception set forth in 8 U.S.C. § 1252(a)(2)(D) (2012). *See Gomis v. Holder*, 571 F.3d 353, 358-59 (4th Cir. 2009). Accordingly, we dismiss the petition for review with respect to Caceres-Sanchez's asylum claim.

Caceres-Sanchez further contends that the Board erred in denying his application for withholding of removal. We have thoroughly reviewed the record, including the transcript of Caceres-Sanchez's merits hearing, his application, and all supporting

---

[*] Caceres-Sanchez does not challenge the Board's order denying his application for protection under the Convention Against Torture (CAT). Accordingly, the issue is waived. *See* Fed. R. App. P. 28(a)(8)(A); *Cortez-Mendez v. Whitaker*, 912 F.3d 205, 208 (4th Cir. 2019) (noting that petitioner's failure to address Board's denial of CAT relief waived the issue).

evidence. We conclude that the record evidence does not compel a ruling contrary to any of the administrative findings of fact, *see* 8 U.S.C. § 1252(b)(4)(B) (2012), and that substantial evidence supports the Board's decision. *See INS v. Elias–Zacarias*, 502 U.S. 478, 481 (1992). In particular, we conclude that substantial evidence supports the agency's finding that Caceres-Sanchez failed to establish a nexus between his past persecution or fear of future persecution and a protected ground. Therefore, we deny the petition for review in part for the reasons stated by the Board. *See In re Caceres-Sanchez* (B.I.A. Aug. 31, 2018).

We further conclude that the Board did not abuse its discretion in denying Caceres-Sanchez's motion to supplement the record. *See Hussain v. Gonzales*, 477 F.3d 153, 155 (4th Cir. 2007) (stating standard of review). Finally, we decline the Attorney General's request to remand Caceres-Sanchez's CAT claim.

Accordingly, we dismiss in part and deny in part the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*PETITION DISMISSED IN PART;*
*DENIED IN PART*