**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 20-1581**

ROXANA VANESSA PENA RIVERA,

Petitioner,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: April 20, 2021                                        Decided: May 11, 2021

Before NIEMEYER and AGEE, Circuit Judges, and SHEDD, Senior Circuit Judge.

Petition denied by unpublished per curiam opinion.

John E. Gallagher, Catonsville, Maryland, for Petitioner. Jeffrey Bossert Clark, Acting Assistant Attorney General, Linda S. Wernery, Assistant Director, Gerald M. Alexander, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Roxana Vanessa Pena Rivera, a native and citizen of El Salvador, petitions for review of the order of the Board of Immigration Appeals (Board) dismissing her appeal from the immigration judge's oral decision denying Rivera's applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We deny the petition for review.

We have reviewed the administrative record, including the transcript of the merits hearing and all supporting evidence, and considered the arguments pressed on appeal in conjunction with the record and the relevant authorities. We first conclude that the record evidence does not compel a ruling contrary to any of the agency's factual findings, *see* 8 U.S.C. § 1252(b)(4)(B), and that substantial evidence supports the immigration judge's dispositive ruling, affirmed by the Board, that Rivera failed to show the requisite nexus between either the asserted past persecution, or the feared future persecution, and a protected ground, *see Zavaleta-Policiano v. Sessions*, 873 F.3d 241, 247 (4th Cir. 2017) (observing that, to satisfy the evidentiary burden for the nexus element, "[t]he applicant need not prove that the protected ground was *the* central reason or even a dominant central reason for persecution; she need only show that the protected ground was more than an incidental, tangential, superficial, or subordinate reason underlying the persecution" (internal quotation marks omitted)). *See also Cedillos-Cedillos v. Barr*, 962 F.3d 817, 824-26 (4th Cir. 2020) (explaining that, in conducting substantial evidence review of the agency's nexus determination, this court is limited "to considering whether their conclusion is supported by reasonable, substantial, and probative evidence," and holding

2

that, under this standard, the record did not compel a conclusion contrary to the agency's ruling that petitioner failed to satisfy the nexus element).

Next, with regard to the denial of Rivera's claim for CAT relief, we conclude that: (1) substantial evidence supports the relevant factual findings, *see Nasrallah v. Barr*, 140 S. Ct. 1683, 1692 (2020); and (2) the agency committed no legal error in its adjudication of Rivera's CAT claim, which relied on a "willful blindness" theory of government acquiescence, *see Rodriguez-Arias v. Whitaker*, 915 F.3d 968, 971-72 (4th Cir. 2019) (detailing parameters of this theory). Finally, we hold that the Board did not abuse its discretion in declining to remand this matter to the immigration judge for consideration in light of after-developed authorities. *See Hussain v. Gonzales*, 477 F.3d 153, 155 (4th Cir. 2007) (setting forth standard of review).

Accordingly, we deny the petition for review for the reasons stated by the Board. *See In re Rivera* (B.I.A. Apr. 28, 2020). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*