**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-1542**

FATIMA YULISA ACOSTA-TORRES; S.J.G.A.,

Petitioners,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: March 18, 2021                                    Decided: June 9, 2021

Before GREGORY, Chief Judge, KEENAN, and RUSHING, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Khristina Siletskaya, SILETSKAYA IMMIGRATION LAW FIRM, Bluffton, South Carolina, for Petitioners. Ethan P. Davis, Acting Assistant Attorney General, Anthony C. Payne, Assistant Director, Judith R. O'Sullivan, Trial Attorney, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Fatima Yulisa Acosta-Torres and her minor son, both natives and citizens of Honduras, petition for review of an order of the Board of Immigration Appeals (Board) dismissing Acosta-Torres's appeal from the Immigration Judge's (IJ) order denying her motion to reopen.

Acosta-Torres contends that the Board incorrectly assumed that the IJ was required to deem Acosta-Torres's application for relief to be abandoned because she did not meet the filing deadline. *See Matter of R-C-R-*, 28 I. & N. Dec. 74, 83 (B.I.A. 2020) ("After an Immigration Judge has set a firm deadline for filing an application for relief, the respondent's opportunity to file the application *may* be deemed waived . . . if the deadline passes without submission of the application and no good cause for noncompliance has been shown.") (emphasis added). Even so, a motion to reopen before the immigration court for the purpose of submitting an application for relief must be accompanied by that application and all supporting documents. *See* 8 C.F.R. § 1003.23(b)(3) (2021). Because Acosta-Torres failed to attach her application for relief to the motion to reopen, we conclude that the IJ properly denied her motion. While appellate courts should conduct a de novo review—rather than remand to the agency—only "in rare circumstances," *INS v. Ventura*, 537 U.S. 12, 16-17 (2002), here the relevant issue is purely legal, the ultimate conclusion is clear, and remand "serve[s] no useful purpose," *Hussain v. Gonzales*, 477 F.3d 153, 158 (4th Cir. 2007).

2

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*