[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-11334
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
December 12, 2008
THOMAS K. KAHN
CLERK

Agency Nos. A95-545-232,
A95-545-233

VICTORIA EUGENIA SIERRA-VALENCIA,
LUISA F. RESTREPO-SIERRA,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(December 12, 2008)


Before TJOFLAT, DUBINA and KRAVITCH, Circuit Judges.

PER CURIAM:

Victoria Eugenia Sierra-Valencia and her daughter Luisa F. Restrepo-Sierra

(collectively "Petitioners"), both natives and citizens of Colombia, seek review of the Board of Immigration Appeals' ("BIA") denial of their motion to reconsider the BIA's denial of their motion to reopen as numerically barred. Although we agree that the BIA erred in finding that the motion was barred by numerical limitations, we conclude that the motion nonetheless fails as a matter of law. Accordingly, we **DENY** the petition for review.

I.

Petitioners entered the United States in 2001 as non-immigrant B-2 visitors and remained beyond their authorized dates. In 2004, the Department of Homeland Security served Petitioners with a notice to appear, alleging that they were subject to removal.

Petitioners applied for asylum and withholding of removal under the Immigration and Nationality Act ("INA") and relief under the United Nations Convention Against Torture ("CAT"), arguing that they feared mistreatment from the Revolutionary Armed Forces of Colombia ("FARC") on account of Sierra-Valencia's association with the Liberal Party and her involvement with a Community Action Board. After holding a removal hearing, the immigration judge ("IJ") denied Petitioners' application for asylum, withholding of removal, and CAT relief without making any general findings concerning country conditions in Colombia. The Board of Immigration Appeals' ("BIA") affirmed.

Petitioners then filed a pro se motion for reconsideration of the BIA's affirmance ("first motion for reconsideration"), which the BIA denied as time-barred.

Over ninety days after the denial of this first motion for reconsideration, Petitioners filed a pro se motion to reopen based on alleged changed circumstances in Colombia. In support of this motion, Petitioners submitted (1) an affidavit from Sierra-Valencia's husband in Colombia stating that he continued to receive intimidating telephone calls directed at Sierra-Valencia from "suspected illegal groups"; and (2) thirteen articles – two undated, ten dated after the removal hearing, and one dated before the removal hearing – all describing recent instances of violence by the FARC in Colombia. The BIA denied the motion to reopen, finding that the articles submitted by Petitioners did not establish an escalation in violence or a significant deterioration in the circumstances in Colombia and that the husband's affidavit "does not provide any detail regarding the nature, frequency, or origination of the intimidating phone calls respondents allegedly continue to receive in Colombia." Petitioners filed a motion for reconsideration of the denial of the motion to reopen ("second motion for reconsideration"). The BIA denied this second motion for reconsideration as numerically barred under 8 C.F.R § 1003.2(b)(2) because Petitioners had filed a previous motion for reconsideration.

This matter is before the court on Petitioners' request for review of the BIA's denial of the second motion for reconsideration.

II.

Petitioners argue, and the government concedes, that the BIA erred in finding that the second motion for reconsideration was numerically barred.[1] Under 8 C.F.R. § 1003.2(b)(2), "[a] party may file only one motion to reconsider any given decision and may not seek reconsideration of a decision denying a previous motion to reconsider." This court has held that under the language of this regulation an alien may file one motion to reconsider for *each decision* by the BIA that the alien is removable, and is not limited to one motion to reconsider throughout the entire proceedings. Calle v. U.S. Att'y Gen., 504 F.3d 1324, 1328 (11th Cir. 2007). The BIA, therefore, erred in dismissing Petitioners' motion seeking reconsideration of the denial of their motion to reopen as numerically barred, because it was the first motion to reconsider that BIA decision.

III.

Although the government concedes that the BIA dismissed Petitioners' second motion for reconsideration for the wrong reason, it argues that we need not remand to the BIA because the second motion for reconsideration fails as a matter

---

[1] Petitioners also argue on appeal that the record lacked evidence of the country conditions in Colombia at the time of the hearing in October 2005 to compare against the evidence of alleged changed circumstances in Colombia presented in the motion to reopen. Petitioners, however, did not raise this claim before the BIA; therefore, they have not exhausted their administrative remedies and we lack subject matter jurisdiction to consider this argument. See 8 U.S.C. § 1252(d)(1); Sundar v. I.N.S., 328 F.3d 1320, 1323 (11th Cir. 2003).

of law.  Specifically, the government asserts that the second motion for reconsideration fails to "state the reasons for the motion by specifying the errors of fact or law in the prior [BIA] decision" and is not "supported by pertinent authority" as required by regulation.  8 C.F.R. § 1003.2(b)(1); see also INA § 240(c)(6)(C), 8 U.S.C. § 1229a(c)(6)(C).  It is well-settled that a motion to reconsider that merely restates the arguments that the BIA previously rejected provides no reason for the BIA to change its prior decision.  Calle, 504 F.3d at 1329.  "Therefore, merely reiterating arguments previously presented to the BIA does not constitute 'specifying . . . errors of fact or law' as required for a successful motion to reconsider."  Id. (quoting 8 C.F.R. § 1003.2(b)(1)).  Furthermore, a motion for reconsideration will be denied if it is based on legal arguments that could have been made in an earlier proceeding.  In re O-S-G, 24 I&N Dec. 56, 58 (BIA 2006).  Accordingly, the government asks us to deny the petition for review of BIA's decision on this ground.

Ordinarily, when the BIA incorrectly denies a motion without considering its merits, we remand to the BIA for additional investigation or explanation.  Calle, 504 F.3d at 1329.  In "rare circumstances," however, we need not remand when the undecided issue is legal and not factual.  Id. at 1329-30 (citing Hussain v. Gonzales, 477 F.3d 153, 155 (4th Cir. 2007)).  Our consideration in the first instance of purely legal issues avoids remand to the BIA where such " remand

would amount to nothing more than a mere formality." Id. We have held that deciding whether an alien's motion for reconsideration fails to specify errors of fact or law in the prior BIA decision is one such "objective, procedural inquiry" that we may decide in the first instance. Id. at 1330 (explaining that deciding whether a petitioner specified errors and supported them with pertinent authority is not an inquiry upon which the BIA could "bring its expertise to bear, evaluate the evidence, make an initial determination and, thereby help a court later determine whether its decision exceeds the leeway that the law provides").

In their motion to reconsider the BIA's denial of the motion to reopen, Petitioners argued that the evidence submitted in support of their motion to reopen established that there were changed country conditions that would put their lives in danger in Colombia. However, these arguments offered nothing more than a reiteration of the assertions set forth in the motion to reopen. The BIA has already considered and rejected these arguments. In addition, Petitioners asserted that the husband's affidavit was necessarily brief because he "is petrified of making any lengthy declaration against FARC because he knows this can put his life at risk" and that Petitioners had e-mails in which the husband gave specific details about the threats from the FARC. Petitioners, however, could have raised this argument and presented this evidence in the motion to reopen, yet failed to do so. It is well established that a motion for reconsideration "contests the correctness of the

original decision based on the previous factual record" and will be denied if it is based on arguments that could have been made in an earlier proceeding. In re O-S-G, 24 I & N Dec. at 57-58. Accordingly, Petitioners' motion to reconsider fails as a matter of law for not specifying errors of fact or law in the BIA's denial of the motion to reopen. See 8 C.F.R. § 1003.2(b)(1).

IV.

The government correctly concedes that the BIA erred in finding that the Petitioners' second motion for reconsideration was numerically barred. Nevertheless, we need not remand to the BIA because Petitioners' arguments in their second motion for reconsideration are meritless. Thus, after reviewing the record and the parties' briefs, we deny the petition for review.

**DENIED.**