**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-2168**

RENLONG QIU,

        Petitioner,

    v.

ERIC H. HOLDER, JR., Attorney General,

        Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: February 15, 2013      Decided: March 12, 2013

Before DAVIS, KEENAN, and WYNN, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Gang Zhou, New York, New York, for Petitioner. Stuart F. Delery, Principal Deputy Assistant Attorney General, Douglas E. Ginsburg, Assistant Director, Zoe J. Heller, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Renlong Qiu, a native and citizen of the People's Republic of China, petitions for review of an order of the Board of Immigration Appeals ("Board"), dismissing his appeal from the immigration judge's order denying his applications for asylum, withholding of removal and withholding under the Convention Against Torture ("CAT") and denying his motion to remand. We deny the petition for review.[*]

The current state of the law regarding this court's review of final orders denying asylum, withholding of removal and relief under the CAT was summarized in Djadjou v. Holder, 662 F.3d 265, 272-74 (4th Cir. 2011). According to the court, the Immigration and Naturalization Act ("INA") vests in the Attorney General the discretionary power to grant asylum to aliens who qualify as refugees. Id. at 272. A refugee is someone "who is unable or unwilling to return to" his native country "because of persecution or a well-founded fear of persecution on account of . . . political opinion" or other protected grounds. 8 U.S.C. § 1101(a)(42)(A) (2006). Asylum

---

[*] Qiu does not challenge the denial of relief under the CAT. He has therefore waived review of this claim. See Ngarurih v. Ashcroft, 371 F.3d 182, 189 n.7 (4th Cir. 2004) (finding that failure to raise a challenge in an opening brief results in abandonment of that challenge); Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999) (same).

2

applicants have the burden of proving that they satisfy the definition of a refugee to qualify for relief. Djadjou, 662 F.3d at 272. They may satisfy this burden by showing that they were subjected to past persecution or that they have a well founded fear of persecution on account of a protected ground such as religion. See 8 C.F.R. § 208.13(b)(1) (2012). If the applicant establishes past persecution, he has the benefit of a rebuttable presumption of a well founded fear of persecution. Djadjou, 662 F.3d at 272.

Aliens face a heightened burden of proof to qualify for withholding of removal to a particular country under the INA. They must show a clear probability of persecution on account of a protected ground. If they meet this heightened burden, withholding of removal is mandatory. However, if applicants cannot demonstrate asylum eligibility, their applications for withholding of removal will necessarily fail as well. Djadjou, 662 F.3d at 272-73.

When the Board adopts the immigration judge's decision and includes its own reasons for affirming, this court reviews both decisions. Djadjou, 662 F.3d at 273. This court will uphold the Board's decision unless it is manifestly contrary to the law and an abuse of discretion. The standard of review of the agency's findings is narrow and deferential. Factual findings are affirmed if supported by substantial evidence.

3

Substantial evidence exists to support a finding unless the evidence was such that any reasonable adjudicator would have been compelled to conclude to the contrary.  Id.

Qiu claims that despite the finding that he testified credibly, neither the immigration judge nor the Board gave appropriate weight to his testimony or his corroborating evidence.  He claims that it was implicit in the immigration judge's findings that he was not credible.  We conclude that there is no support for Qiu's claim that his evidence was not considered as if he testified credibly.

We have reviewed the evidence and conclude that substantial evidence supports the finding that Qiu did not show that he suffered past persecution.  Persecution is an "extreme concept" and may include actions less severe than threats to life or freedom but must rise above mere harassment.  Qiao Hua Li v. Gonzales, 405 F.3d 171, 177 (4th Cir. 2005).  "A key difference between persecution and less-severe mistreatment is that the former is 'systematic' while the latter consists of isolated incidents."  Baharon v. Holder, 588 F.3d 228, 232 (4th Cir. 2009).  The Board is instructed to look at all incidents in the aggregate, including violence or threats to family members, to determine if there is past persecution, rather than looking at each incident in isolation.  Id.  Substantial evidence

4

supports the finding that the incidents described by Qiu do not rise to the level of persecution.

We further conclude that substantial evidence supports the finding that Qiu failed to show he had a well founded fear of persecution. The well founded fear standard contains both a subjective and an objective component. The objective element requires a showing of specific, concrete facts that would lead a reasonable person in like circumstances to fear persecution. Gandziami-Mickhou v. Gonzales, 445 F.3d 351, 353 (4th Cir. 2006). "The subjective component can be met through the presentation of candid, credible, and sincere testimony demonstrating a genuine fear of persecution . . . . [It] must have some basis in the reality of the circumstances and be validated with specific, concrete facts . . . and it cannot be mere irrational apprehension." Qiao Hua Li, 405 F.3d at 176 (internal quotation marks and citations omitted). We have reviewed the evidence and conclude that the record does not compel a finding that reasonable persons in Qiu's situation would fear persecution. Because substantial evidence supports the finding the Qiu was not eligible for asylum, he did not establish eligibility for withholding of removal. Djadjou, 662 F.3d at 272.

We further conclude that the Board did not abuse its discretion in denying Qiu's motion to remand. See Hussain v.

5

Gonzales, 477 F.3d 153, 155 (4th Cir. 2007). Substantial evidence supports the finding that Qiu failed to show that his new evidence would likely change the result. See Matter of Coelho, 20 I. & N. Dec. 464, 473 (B.I.A. 1992).

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DENIED